### In re RICHARDSON et al.

#### Patent Appeal No. 3423.

Court of Customs and Patent Appeals.

Feb. 4, 1935.

Roy W. Johns, of Chicago, Ill., for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the action of the Examiner in rejecting claims 5, 15, 16, and 18 of appellants' application for a patent on an alleged improvement in chill-hardening adhesives.

The application of the appellants discloses adhesive coating materials which are substantially fluid when hot, and which congeal upon chilling, and are particularly adaptable for use as food carcass depilatories. For such material the appellants propose to use rosin and cottonseed oil, or rosin and asphalt. These are liquefied by heat, then sprayed upon the carcass of a hog or other animal, after which it hardens and forms a coating upon the hair or excrescences of the carcass. This hard coating is then removed, carrying with it the hair and other extraneous material, after which this material is recovered by fusing and straining out the foreign matter. The appellants state that the rosin element may vary from 88 per centum to 93 per centum, with a complement of cottonseed oil. They also give another form consisting of about 25 per centum of rosin with a complement of asphalt.

The rejected claims are as follows:

"5. A fusible chill-hardening adhesive depilatory coating material of substantially uniform amorphous consistency adapted for stripping epidermal excrescences from edible carcasses consisting of a relatively large proportion of resinous material with a correspondingly small proportion of unguinous material."

"15. A fusible, chill-hardening adhesive depilatory coating material of substantially uniform, amorphous consistency adapted for stripping epidermal excrescences from edible carcasses consisting of a resinous material and an unguinous material.

"16. A fusible, chill-hardening adhesive depilatory coating material of substantially uniform, amorphous consistency adapted for stripping epidermal excrescences from edible carcasses consisting of a resinous material in quantity of from substantially 25 per cent to 90 per cent of the entire mass and the remainder of an unguinous material."

"18. A fusible, chill-hardening adhesive depilatory coating material of substantially uniform, amorphous consistency adapted for stripping epidermal excrescences from edible carcasses consisting of not less than 25 per cent of rosin and an unguinous material."

The Examiner rejected these claims upon the following references: Knoepfler,

1,084,091, January 13, 1914; Walter, 1,721,-610, July 23, 1929; Richardson et al., 1,748,-082, February 25, 1930.

The Board of Appeals affirmed the decision of the Examiner, stating, in part: "The decision of the examiner is affirmed in rejecting the claims as not patentably distinguishing over the matter disclosed and claimed in the patent to Walter. This action also applies to allowed claim 5 as well as the appealed claims, as held by the examiner in his statement."

The said patent to Walter covers a method of depilating food carcasses, particularly the carcasses of hogs. The patentee describes his method as one which "consists in coating the carcass with a congealable liquid, chilling the coating to cause it to solidify, and then stripping the coating with the embedded hairs from the carcass." The patentee recites that various temperature-controlled substances may be used, "but it has been found that pitch, resin, and paraffin produce very good results when used in a mixture of about sixty-five parts resin, thirty parts pitch, and five parts paraffin." In general, the method of application and use of this material is as shown by the appellants here. The patent contains broad claims which cover the method employed by the appellants here. Claims 1, 7, and 11 of the patent will suffice to illustrate this, and are as follows:

"1. The method of depilating a carcass which consists in coating the carcass with a congealable liquid, chilling the coating to cause it to solidify, and then stripping the coating with the embedded hairs from the carcass."

"7. The method of depilating a carcass which consists in coating the carcass with a congealable liquid including pitch, resin and paraffin, chilling the coating to cause it to solidify, and then stripping the coating with the embedded hairs from the carcass."

"11. The herein described method of dressing carcasses, consisting in coating the same with melted waxy and adhesive material, causing said material to congeal, and finally removing the congealed waxy and adhesive material and with it hair and extraneous material."

It is suggested by the appellants that the Walter patent and the appellants' application have been assigned to the same assignee, and that the appealed claims here constitute subject-matter which is different and divisible from the Walter patent. It is also urged by appellants that Walter is an improper reference because of the alleged fact that Walter does not claim the specific compound, and that it was and is proper for the common assignee to receive the broad claims, as in the Walter patent, and afterward to include specific claims in another patent; in other words, that the appellants here are only attempting to define specifically a certain composition which, although broadly included in the Walter patent and claims, is not specifically claimed there.

In addition, it is argued that the Walter patent does not disclose a composition such as is suggested by appellants' application and claimed by them therein; in other words, that the appellants claim a composition consisting of resinous material and an unguinous material, and that the Walter patent discloses a mixture of rosin, pitch, and paraffin; that the appellants have limited their claims to a composition containing but one resinous material and one unguinous material, and have thereby distinguished them from the disclosure in the Walter patent.

The solicitor replies to this argument by calling attention to the fact that pitch and paraffin are both unguinous resinous materials, and that if they were united an unguinous material would still exist. From this, the solicitor argues that appellants' claims read directly upon the Walter disclosure. This argument, we believe, is sound, and is not controverted by the fact that in claims 16 and 17 the appellants give certain proportional percentages of the resinous material in their composition.

We are in agreement with the statement of the Board of Appeals that there is "nothing patentable in restricting the claims of this application to two materials while leaving the claims of the patent open to include additional materials if desired."

In view of this conclusion, further allusion to the other references is unnecessary.

The decision of the Board of Appeals is affirmed.

Affirmed.